UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CLINTON HERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02499-JPH-KMB |
| | ) | |
| TRENT ALLEN Warden of ISR, | ) | |
| CHARLES HUTCHINS AHSA Centurion | ) | |
| Health, | ) | |
| JOHN NWANNUNU DR. Centurion | ) | |
| Health, | ) | |
| LISA HAMBLEN HSA Centurion Health, | ) | |
| PARTAIN DR. Centurion Health, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS

Plaintiff Clinton Herman is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). He filed this civil action alleging he was not treated for possible illness after being exposed to the Legionella pathogen at Pendleton. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

1

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats,* 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Herman's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson,* 74 F.4th 470, 472 (7th Cir. 2023). The complaint names as defendants (1) Warden Trent Allen; (2) AHSA Charles Hutchins; (3) Dr. John Nwannunu; (4) HSA Lisa Hamblen; and (5) Mrs. Partain. Mr. Herman is seeking damages and adequate health treatment.

Mr. Herman alleges that in April and May 2025, and again in October and November 2025, he became ill with symptoms of diarrhea, difficulty breathing, body aches, weight loss, and horrible stomach pains. He repeatedly requested testing or treatment from the medical defendants, employees of Centurion, but was not tested and did not receive adequate treatment. Mr. Herman specifically believes he may have contracted Legionnaire's Disease or H. Pylori. Warden Allen, he believes, was responsible for his possible exposure to the Legionella pathogen and responsible for the care provided by the medical defendants. Mr.

Herman also contends he is being treated poorly because he is serving a life sentence.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

If Mr. Herman is suggesting his equal protection rights under the Fourteenth Amendment were violated, due to differential treatment because he is serving a life sentence, any such claims **are dismissed**. To state an equal protection claim, Mr. Herman must allege that (1) he was a member of a protected class, (2) he was treated differently from a similarly-situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). It does not appear that the type of sentence Mr. Herman is serving would put him within a "protected class," nor are there any allegations that similarly-situated prisoners who were not serving a life sentence were treated differently than him.

An Eighth Amendment condition of confinement claim **shall proceed** against Warden Allen. Eighth Amendment deliberate indifference claims **shall proceed** against AHSA Charles Hutchins, Dr. John Nwannunu, HSA Lisa Hamblen, and Mrs. Partain.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that

3

additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 22, 2026,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Warden Allen, AHSA Hutchins, HSA Hamblen, Dr. Nwannunu, and Mrs. Partain in the manner specified by Rule 4(d). Process shall consist of the complaint filed on December 9, 2025, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendants Houchins, Hamblen, Dr. Nwannunu, and Partain are identified as employees of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information shall be filed ex parte.

The **clerk is directed** to serve the Indiana Department of Correction and Centurion employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/24/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

Electronic service to Indiana Department of Correction:
      Warden Trent Allen
      (At Pendleton Correctional Facility)

Electronic service to Centurion
      AHSA Charles Hutchins
      HSA Lisa Hamblen
      Dr. John Nwannunu
      Mrs. Partain

CLINTON HERMAN
300636
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064